**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**MARNIE OSBORNE**                                                                                                    **PLAINTIFF**

**v.**                                              **CASE NO. 4:08CV000250 BSM**

**FARMERS NEW WORLD LIFE**
**INSURANCE COMPANY**                                                                              **DEFENDANT**

## ORDER

Pending before the court is the defendant's motion for clarification of the court's March 31, 2009 order that granted in part and denied in part defendant's motion for summary judgment and denied plaintiff's cross-motion for summary judgment.

This case involved the interpretation of Arkansas Code Annotated section 23-79-107(a) (Repl. 2004) which provides, in relevant part:

> (a) All statements in any application for a life or accident and health insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
>
>> (1) Fraudulent;
>> (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
>> (3) The insurer in good faith would not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the same premium or rate or would not have provided coverage with respect to the hazard resulting in the loss if the facts had been made known to the insurer as required by the application for the policy or contract or otherwise.

* * *

>  (c) In any action to rescind any policy or contract or to recover thereon, a misrepresentation is material if there is a causal relationship between the misrepresentation and the hazard resulting in a loss under the policy or contract.

In its March 31, 2009 order, the court found that the "language of Ark. Code Ann. § 23-79-107 is plain and unambiguous and giving the words of the statute their plain meaning, Ark. Code Ann. § 23-79-107 requires an insurer to establish a causal relationship between the misrepresentation in the insurance application and the resulting loss." Defendant states that it understands that a causal connection is necessary to establish that a misrepresentation is material. Defendant, however, seeks clarification as to whether a causal relationship is required for all three of the affirmative defenses listed in section 23-79-107(a).

The court understands that defendant wants certainty so that it can order its future actions; however, the present motion amounts to a request for an advisory opinion, and this court is prohibited from rendering advisory opinions. *Nebraska State AFL-CIO v. State of Neb.*, 319 F. Supp. 239, *241 (D.C. Neb. 1970); *see Stogsdill v. Elkins*, No. 4:08CV00207 JMM (E.D. Ark. July 7, 2008) (order). Accordingly, the defendant's motion for clarification [Doc. No. 33] is denied.

IT IS SO ORDERED this 19th day of May, 2009.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT COURT